**Gary W. BOWEN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5144.

United States Court of Appeals, Federal Circuit.

June 7, 2002.

Guy J. Ferrante, King & Everhard, P.C., of Springfield, VA, argued for plaintiff-appellant.

Brent McBurney, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief was Maj. Jennifer L. McDermott, United States Air Force, General Litigation, of Arlington, VA.

Before NEWMAN, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Major Gary W. Bowen appeals the final decision of the Court of Federal Claims dismissing his complaint for lack of jurisdiction because the statute of limitations expired before he filed his claim. There are two questions presented in this case: (a) whether the six-year statute of limitations commenced running on the day Major Bowen was discharged or on the day after, and (b) whether the Soldiers' and Sailors' Civil Relief Act of 1940 ("SSCRA") tolled the running of the statute of limitations during Major Bowen's periods of National Guard training. Because the Court of Federal Claims did not err in its decision that the statute of limitations begins to run from the date of discharge and that the SSCRA does not toll the statute of limitations, we affirm.

Major Bowen was appointed as an officer of the Alaska Air National Guard ("ANG") in April 1983. *Bowen v. United States*, 49 Fed.Cl. 673, 674 (2001). In June 1984, he was assigned to a tour of duty with the Active Guard and Reserve ("AGR"), a full-time military program in which National Guard members support the National Guard and reserve components. AGR duty can be served in either a federal or state capacity. Major Bowen served his AGR tour of duty as a legal advisor in the Office of the Adjutant General of the Alaska ANG until the spring of 1993.

In March 1993, Major Bowen was notified that he was officially relieved of his duties pending the resolution of a proposal to terminate his AGR tour based on alleged misconduct. On May 28, 1993, by a special order of the Governor of Alaska, Major Bowen's tour of duty with the AGR was terminated. As a result of this discharge, Major Bowen filed a lawsuit challenging the manner in which his AGR tour had been terminated. The Supreme Court

of Alaska, affirming the lower court, found that Major Bowen was entitled to an adversarial pre-termination hearing. A pre-termination hearing, however, was never held, allegedly because the need for one had been satisfied by a federal Efficiency Board hearing held by the U.S. Air Force. *Bowen*, 49 Fed.Cl. at 674.

After his discharge from active duty with the AGR, Major Bowen remained associated with the ANG as a reservist until his federal recognition was removed effective April 1996.[1] Before his federal recognition was removed, however, Major Bowen received Special Order A–167 that required him to report for local annual training. The Special Order was issued by the Governor of Alaska and required Major Bowen to report for duty from July 2, 1994, through July 14, 1994, which he did.

On June 1, 1999, Major Bowen filed a claim for back pay and allowances in the Court of Federal Claims alleging that his termination from the AGR in the Alaska ANG was unlawful. The court dismissed his claim for lack of jurisdiction. It based this conclusion on this court's precedent holding that the six-year statute of limitations accrues on the date of discharge, in this case May 28, 1993, not the day after. The court further held that the two weeks of reservist training Major Bowen completed was not subject to the tolling provisions of the SSCRA. Major Bowen's timely petition for review followed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(3).

## II

■ Jurisdictional determinations are questions of law that this court reviews *de novo*. *Brown v. United States*, 195 F.3d 1334, 1337 (Fed.Cir.1999). Major Bowen presents two arguments on appeal as to why his claim is not barred by the statute of limitations. First, he argues that a claim for military back pay cannot accrue until the day after discharge because that is the first day the government failed to pay him. Therefore, according to Major Bowen the six-year statute of limitations did not begin to run until May 29, 1993.[2] The Court of Federal Claims rejected this argument. Instead, it held that the statute of limitations began running from the date of discharge, and therefore dismissed Major Bowen's claim because it was filed after May 28, 1999. We agree.

■ Section 2501 of Title 28 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." The six-year statute of limitations is a jurisdictional requirement provided by Congress that must be strictly construed. *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed.Cir.1988). Generally, "[a] claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Chandler v. United States*, 47 Fed.Cl. 106, 113 (2000) (quoting *Oceanic Steamship Co. v. United States*, 165 Ct.Cl.

1. In the meantime, Major Bowen requested that the Air Force Board for Correction of Military Records ("AFBCMR") revoke the termination of his AGR tour and restore him to AGR duty with back pay. *Bowen*, 49 Fed.Cl. at 675. On September 11, 1998, the AFBCMR denied his request. This denial is not the subject of Major Bowen's claim re-

garding the tolling of the statute of limitations.

2. Under the approach advocated by Major Bowen, his June 1, 1999, filing would be timely because it was filed the first business day following May 29, 1999.

217, 225 (1964)); *see also Hopland Band of Pomo Indians,* 855 F.2d at 1577.

■ This court has held that "a claim based on an alleged unlawful discharge from the military service accrues on the *date of discharge." Hurick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir.1986) (emphasis added); *see also Craft v. United States,* 218 Ct.Cl. 579, 589 F.2d 1057, 1059 (1978) ("A cause of action for back pay based upon illegal discharge accrues on the date of discharge for statute of limitations purposes."). Thus, since Major Bowen was discharged on May 28, 1993, he was required, based on our precedent, to file his claim by May 28, 1999, for it to be considered timely for statute of limitations purposes. Major Bowen, however, did not file his claim until June 1, 1999. Thus, the Court of Federal Claims properly dismissed Major Bowen's claim for lack of jurisdiction.

■ Major Bowen alternatively argues that his claim was timely filed because the statute of limitations should be tolled for his two weeks of training in 1994 under the SSCRA. The SSCRA, in relevant part, is intended to temporarily suspend "legal proceedings and transactions which may prejudice the civil rights of persons in [military] service" during their active duty. 50 U.S.C.App. § 510 (1994). Specifically, the SSCRA states:

> The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in *military service* . . . .

*Id.* at § 525 (1994) (emphasis added). "The term 'military service', as used in [the SSCRA] . . . shall signify Federal service on active duty with any branch of service heretofore referred to or mentioned . . . ." *Id.* at § 511(1).

Thus, the question presented here is whether Major Bowen's two weeks of training qualifies for "Federal service on active duty" and therefore tolls the statute of limitations pursuant to the SSCRA.

The Court of Federal Claims rejected Major Bowen's argument. In reaching its decision, the court relied on Title 10 (entitled "Armed Forces") and Title 32 (entitled "National Guard") to conclude that Major Bowen's two weeks of training did not qualify as "Federal service on active duty." *Bowen,* 49 Fed.Cl. at 677. Under these two sections the definition of "active duty" specifically excludes full-time National Guard duty. *See* 10 U.S.C. § 101(d)(1) (2000) ("term [active duty] does not include full-time National Guard duty."); 32 U.S.C. § 101(12) (2000) ("It [active duty] does not include full-time National Guard duty.").[3]

Thus, the court held that Major Bowen's two week training did not constitute "Federal service on active duty" and therefore the six-year statute of limitations is not subject to the tolling provisions of the SSCRA. *Bowen,* 49 Fed.Cl. at 677. We agree.

Notwithstanding these two provisions, Major Bowen argues that the Court of Federal Claims erred in discounting the applicability of 10 U.S.C. § 12602. According to Major Bowen, the definition of "Federal service on active duty" in § 12602 should govern his claim. Under that section, full-time National Guard duty

---

**3.** *But see* 37 U.S.C. § 101(18) (2000) ("The term 'active duty' means . . . full-time National Guard duty . . . ."). The Court of Federal Claims held, and Major Bowen does not contest on appeal, that "the definitions of federal active service provided in Title 10 and Title 32 carry greater weight in construing the SSCRA than the definition found in Title 37." *Bowen,* 49 Fed.Cl. at 676.

is defined as active duty. The Court of Federal Claims rejected his argument, however, concluding that under § 12602 full-time National Guard duty is considered active federal service "for the limited purpose of determining how [an officer's] paycheck and related benefits will be measured." *Bowen,* 49 Fed.Cl. at 677.

Although § 12602 states that full-time National Guard duty is active duty in federal service, it is important to understand it in the context in which it is used. Section 12602 is part of Title 1217, "Miscellaneous Rights and Benefits." We agree with the Court of Federal Claims that § 12602 covers only matters relating to compensation for service members. Specifically, § 12602 renders an officer's service as "active duty" solely for purposes of determining whether the officer is entitled to federal pay and related benefits. We further agree with the Court of Federal Claims that the definitions in Titles 10 and 32 govern here with respect to whether Major Bowen's two week training constituted "Federal service on active duty," and furthermore that the definitions provided in 10 U.S.C. § 101(d)(1) and 32 U.S.C. § 101(12) are not superseded by 10 U.S.C. § 12602. Thus, we conclude that the six-year statute of limitations in this particular instance is not subject to the tolling provisions of the SSCRA.

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

*AFFIRMED.*