**Michael L. CURRY, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5168.**

United States Court of Appeals, Federal Circuit.

DECIDED: March 14, 2003.

Rehearing Denied April 18, 2003.

a settlement agreement are likely insufficient to establish the required elements of a con-    tract.

PER CURIAM.

Michael L. Curry ("appellant") appeals from the Court of Federal Claims' decision dismissing his complaint as barred by the statute of limitations. *Curry v. United States,* 52 Fed.Cl. 799 (Fed.Cl.2002). We *affirm.*

## BACKGROUND

The appellant entered the United States Marine Corps on a four-year enlistment beginning on April 3, 1989. On April 3, 1992, the appellant was charged with conspiracy to commit premeditated murder, murder, robbery, and kidnapping and placed in pre-trail confinement. While the appellant was still in pre-trial confinement, his enlistment contract expired, on April 3, 1993. On April 17, 1993, he was tried and convicted. He was sentenced to life imprisonment, total forfeiture of pay and allowances, reduction in grade, and dishonorable discharge. He received his final payment from the Marines in June of 1993. On December 18, 1994, the appellant's term was reduced to 30 years by the convening authority but otherwise affirmed. After he exhausted his appeal rights, the appellant was dishonorably discharged on March 5, 1999. He continues to be incarcerated.

On August 8, 2001, the appellant filed a claim for back pay in the Court of Federal Claims. He sought "illegal confinement" pay from the time his pay ceased to his final discharge on March 5, 1999, apparently on the theory that his confinement was unlawful. In the alternative, he sought pay from the cessation of his pay until the approval of his sentence on December 18, 1994. The government moved for summary judgment on the ground that the appellant's claims were barred by the statute of limitations. The appellant moved for further discovery and cross-moved for summary judgment.

The Court of Federal Claims granted the government's motion for summary judgment and denied the appellant's, dismissing the case for want of jurisdiction. It held that, to the extent the appellant had made out a cause of action, the appellant's claim was barred by the statute of limitations. *Curry,* 52 Fed.Cl. at ——, slip op. at 9. The court found that the appellant's claim accrued approximately a month after he received his final payment, which was well outside the limitations period. The court noted that, pursuant to the Department of Defense Pay Manual ("DODPM") then in force, "pay and allowances accrue to a [service] member in military confinement except: ... [w]hen the term of enlistment expires." *Id.* at ——, 6 (internal punctuation omitted). At that time, "[a]n enlisted member retained in the service for the purpose of court-martial is not entitled to pay for any period after the expiration of the enlistment unless acquitted or the charges are dismissed, or the member is retained in or restored to full-duty status." *Id.* The appellant was not acquitted, the court noted, so his claim for back pay accrued upon the expiration of his enlistment, which was well outside the six-year statute of limitations proscribed by 28 U.S.C. § 2501. *Id.* at ——, 3. Even if the appellant's claim were preserved by the continuing claim doctrine, the court held, the latest date the claim could have accrued was December 18, 1994, the day the appellant's sentence was affirmed by the convening authority, which was still outside the limitations period. *Id.* at ——, 9.

The appellant timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Tucker Act, 28 U.S.C. § 2501, provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This statute is jurisdictional and is thus strictly construed. *Bowen v. United States,* 292 F.3d 1383, 1385 (Fed.Cir.2002); *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988).

The appellant argues his claim is not barred by the statute of limitations because the "appropriate date which fixed liability and instituted an action [was] 5 March 1999." Appellant's Br. at 1. This is incorrect.

█ In general a pay claim accrues when the government first fails to make a salary payment. *Middleman v. United States,* 91 Ct.Cl. 306, 308 (1940). This holding was reaffirmed in *Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381, 386–87 (1962), *cert. denied, Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Our recent decision in *Bowen* provides further guidance. In *Bowen,* the serviceman argued that his cause of action for wrongful discharge accrued not on the day of his discharge but a day later, because that was the first day he was not paid. 292 F.3d at 1385. We held that the claim accrued on the day of his discharge because that was "the date when all the events have occurred which fix liability of the Government and entitle the claimant to institute an action." *Id.* (internal citations omitted). In the present context, the date when all events had occurred which fixed liability was, at latest, the date the sentence of forfeiture of salary was

confirmed, December 18, 1994. The appellant's complaint was thus outside the limitations period and outside the Court of Federal Claims' jurisdiction.

Nor does the continuing claim doctrine preserve any portion of the appellant's claim. This court has explained that "a claim based upon a single distinct event, which may have continued ill effects later on, is not a continuing claim." *Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d 1449, 1456 (Fed.Cir.1997). In this case, the appellant's claim accrued, as a whole, at latest on the date the appellant's sentence of forfeiture of pay was confirmed. The lack of payment at later dates all flowed from this sentence. It therefore cannot give rise to a continuing claim. The date of the appellant's dishonorable discharge simply is not relevant here, because the decision not to pay the appellant had been made more than four years earlier.

█ Alternatively, the appellant contends that the statute of limitations should have been tolled until his dishonorable discharge pursuant to the Soldiers' and Sailors' Act of 1940 ("the Act"), which provides that "[t]he period of military service shall not be included in computing any period ... for the bringing of any action or proceeding in any court." 50 U.S.C.App. § 525 (2000). The appellant appears not to have raised this argument before the Court of Federal Claims. Even so, the Act does not apply to him. The Act defines "military service" as "Federal service on active duty," which "include[s] the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause." 50 U.S.C.App. § 511(1) (2000). Despite the fact that the appellant was not dishonorably discharged until 1999, it is not disputed that the appellant's enlist-

ment ended on April 3, 1993. For the purposes of the Act, he was therefore not in military service after this date and cannot claim the protection of the Act.

## CONCLUSION

For the foregoing reasons, the Court of Federal Claims' decision is affirmed.

## COSTS

No costs.

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.