NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DARLENE M. BROUGHTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-1298

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00573-MMS, Chief Judge Margaret M. Sweeney.

_____

Decided: May 9, 2019

_____

DARLENE M. BROUGHTON, Fountain, CO, pro se.

DAVID M. KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee United States. Also represented by JOSEPH H. HUNT, ROBERT E. KIRSCHMAN, JR., LISA L. DONAHUE.

_____

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Darlene M. Broughton appeals from a decision of the Court of Federal Claims dismissing her claims for lack of jurisdiction. *See Broughton v. United States*, No. 18-573C, 2018 WL 5307677 (Fed. Cl. Oct. 26, 2018). Because we agree that the Court of Federal Claims lacks subject-matter jurisdiction, we affirm.

I

Ms. Broughton was honorably discharged from the United States Navy and the Naval Reserve in 1997. From 2005 through 2009, she worked for the Department of Veterans Affairs at medical centers in Denver, Colorado, and Seattle, Washington. She alleges that exposure to hazardous waste odors during her employment caused her to suffer from hypoxia.[1] She ultimately resigned in May 2009 after the VA denied her requests for accommodation.

Since her resignation, Ms. Broughton has started several legal proceedings related to her work environment, including before the Office of Workers' Compensation Programs, the Merit Systems Protection Board, and the United States District Court for the District of Colorado. Most recently, on April 19, 2018, Ms. Broughton filed a complaint in the Court of Federal Claims for inflation-adjusted statutory penalties for violations of the Clean Air Act or alternatively $3,195,000 for violations of the Clean Air Act, the Occupational Safety and Health Act, and the Americans with Disabilities Act. Her complaint also contested the outcomes of her previous legal proceedings and argued that she was entitled to military pay for an injury that she sustained while serving in the United States Navy and the Naval Reserve. The government moved to dismiss her complaint for lack of subject-matter jurisdiction. The

---

[1] Hypoxia is a medical condition in which tissue in the body lacks enough oxygen.

Court of Federal Claims granted the motion. Ms. Broughton now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review jurisdictional determinations *de novo*. *Bowen v. United States*, 292 F.3d 1383, 1385 (Fed. Cir. 2002). The Court of Federal Claims concluded that it lacked jurisdiction over Ms. Broughton's claims because she filed her petition more than six years after the claims accrued. We agree. The Court of Federal Claims has limited jurisdiction and may only review a claim brought "within six years after such claim first accrues." 28 U.S.C. § 2501; *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). Ms. Broughton failed to meet this timeframe. Her claims accrued, at the latest, when she left the VA in May 2009,[2] but she filed her complaint with the Court of Federal Claims in 2018, nine years later.

On appeal, Ms. Broughton argues that she had no control over the timeliness of her medical proof. Because the statute of limitations provides no exception for medical proof that develops after six years have passed, however, this argument is unavailing. *See* 28 U.S.C. § 2501. Ms. Broughton also appears to contend that she complied with the six-year statute of limitations because she complained to her supervisors while she still worked at the VA and began various other legal proceedings after her resignation. The statute of limitations requires that a plaintiff file a petition *with the Court of Federal Claims* within six years of the date the claim accrues. *See id.* Because Ms. Broughton failed to file a petition with the Court of Federal Claims

---

[2]    Her claims related to military pay accrued even earlier: in 1997, at the latest, when she left the United States Navy and Naval Reserve.

until 2018, we hold that the court correctly dismissed her statutory and military pay claims for lack of subject-matter jurisdiction. *See id.*

We also affirm the court's dismissal of any claims related to the outcomes of prior legal proceedings. The Court of Federal Claims lacks jurisdiction to review the challenged decisions. *See* 5 U.S.C § 7703(b) (Merit Systems Protection Board); 20 C.F.R. §§ 10.600, 501.6(d) (workers' compensation); *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, l352 (Fed. Cir. 2015) (district court).

## III

We have considered Ms. Broughton's remaining arguments and find them unpersuasive. Because we agree that the Court of Federal Claims lacks jurisdiction over Ms. Broughton's claims, we affirm.

**AFFIRMED**

No costs.