FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF
NEW YORK, Appellee,

v.

UNITED SETTLEMENT SERVICES,
INC., Marjorie H. Berger, Imperial
Abstract & Settlement Co., LLC, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 5, 2006.
Filed May 24, 2007.

Arthur W. Lefco, Philadelphia, for appellant.

Michael P. Coughlin, Blue Bell, for Stewart, appellee.

Louis H. Kozloff, Philadelphia, for Fidelity, appellee.

BEFORE: JOYCE, KLEIN and BOWES, JJ.

OPINION BY BOWES, J.:

¶ 1 This appeal is from a discovery order compelling Marjorie H. Berger, Appellant, to answer questions regarding matters she asserts are subject to the spousal privilege. Since application of the spousal privilege cannot be determined without analysis of the underlying issues in this action, we quash this appeal.

¶ 2 On December 22, 2004, Appellee, Fidelity National Title Insurance Company of New York ("Fidelity"), instituted this action against Marjorie Berger, her husband, Jay M. Berger, and three companies that either employ the Bergers or are owned by them, United Settlement Services, Inc., Imperial Abstract & Settlement Co., LLC, and United Abstract Co., Inc. (collectively referred to as defendant-companies). Appellee, Stewart Title Guaran-

858 (Pa.Super.2006); *In re Adoption of R.J.S.,*    889 A.2d 92, 98 (Pa.Super.2005).

tee Company ("Stewart"), was subsequently permitted to intervene as a plaintiff. Plaintiffs–Appellees averred that the Bergers misappropriated for their personal use approximately $4.5 million from numerous real estate transactions handled by the defendant-companies, which conducted settlements for real estate transactions. The money belonged to Appellees, which acted as title companies for those transactions. Mrs. Berger was deposed on September 15, 2005, but refused to answer any questions relating to communications that she had with Mr. Berger after November 8, 2004, approximately six weeks prior to this action's commencement, asserting that those communications were subject to the spousal privilege. Specifically, she averred that by November 8, 2004, Mr. Berger had openly admitted his fraudulent conduct and ceased any fraudulent conduct as to Appellees. Stewart filed a motion to compel her to answer the questions. It alleged that even though Mr. Berger had admitted some of the fraud by November 8, 2004, he continued to conceal the extent of it and also made false representations to Stewart that the fraud did not pertain to transactions where Stewart was the title company. The trial court noted that the spousal privilege codified in 42 Pa.C.S. § 5924 [1] does not protect communications between spouses as to business or property matters, *Commonwealth v. Darush*, 279 Pa.Super. 140, 420 A.2d 1071 (1980), *rev'd on other grounds*, 501 Pa. 15, 459 A.2d 727

(1983), and also does not encompass private communications made in furtherance of fraud. *Kine v. Forman*, 205 Pa.Super. 305, 209 A.2d 1 (1965), *see also Brown v. Scafidi*, 839 F.Supp. 342 (E.D.Pa.1993) (applying *Kine*). The trial court therefore granted Stewart's petition to compel Mrs. Berger to answer the questions. This appeal by Mrs. Berger and two of the defendant-companies followed.

■ ¶ 3 Initially, we address the appealability of the discovery order in question. Appeals normally are permitted only from the final order entered in an action. Appellants premise their right to appeal the order based on the order's status as collateral under Pa.R.A.P. 313. Under that rule, "[A]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). A collateral order has three components and must be "separable from and collateral to the main cause of action," involve a right that is "too important to be denied review," and must pertain to a question "such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

¶ 4 In *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547 (1999), our Supreme Court held that an interlocutory discovery order can be considered a collateral order where the appealing party maintains that the order requires the production of materials that are subject to a privilege if the three con-

---

1. 42 Pa.C.S. § 5924, spouses as witnesses against each other, provides:

(a) GENERAL RULE.—In a civil matter neither husband nor wife shall be competent or permitted to testify against each other.

(b) EXCEPTION.—Subsection (a) shall not apply in an action or proceeding:

(1) For divorce, including ancillary proceedings for the partition or division of property.

(2) For support or relating to the protection or recovery of marital or separate property.

(3) For custody or care of children, including actions or proceedings relating to visitation rights and similar matters.

(4) Arising under 23 Pa.C.S. Ch. 61 (relating to protection from abuse).

(5) When a statute heretofore or hereafter enacted applicable to the action or proceeding provides either expressly or by necessary implication that spouses may testify therein against each other.

ditions of Pa.R.A.P. 313 are satisfied. In this case, Fidelity maintains that application of the spousal privilege cannot be addressed without considering the merits of the underlying action, and therefore, the order is not separable from and collateral to the main cause of action. We agree with this assertion and therefore quash the appeal.

¶ 5 *Ben* involved a dental malpractice action, and the trial court entered a discovery order allowing the plaintiffs access to the records of one of the defendant-dentist's investigative files with the Bureau of Professional and Occupational Affairs ("Bureau"). The Bureau appealed the order, claiming the information was privileged. The Commonwealth Court concluded that the appeal should be quashed since the order was not collateral to the main cause of action. In so doing, the Commonwealth Court determined that the order could not be considered separable from and collateral to the malpractice action because the information from the Bureau had the potential for determining the merits of the malpractice action.

¶ 6 The Supreme Court reversed the Commonwealth Court, noting that the merits of whether the Bureau's investigative file was protected could be determined independently from the merits of the malpractice cause of action. It concluded that if the question of application of a privilege can be decided without analyzing the merits of the underlying action, the order allowing discovery is separate and distinct even if the material released has potential relevance to the underlying action. Since the issue of the Bureau's privilege could be resolved without analyzing the purported negligence of the defendant-dentist, the issue of privilege was considered separate from the merits of the dispute for purposes of Pa.R.A.P. 313. *Accord Commonwealth v. Dennis,* 580 Pa. 95, 107, 859 A.2d 1270, 1277 (2004) (emphasis omitted) (sep-

arability aspect of Rule 313 satisfied when "determining whether the discovery was appropriate did not require consideration of the merits of the underlying dispute").

■ ¶ 7 This case presents the opposite scenario. As noted, the spousal privilege does not apply to communications made to perpetuate a fraud. The underlying action in this case involves the alleged fraud of Mr. and Mrs. Berger. We are required to consider the merits of the underlying action to determine whether the privilege applies herein. Appellees' amended complaint alleges, *inter alia,* counts of fraud, conspiracy to commit fraud, aiding and abetting fraud, and a fraudulent transfer. Significantly, the last allegation was that Mrs. Berger transferred assets from one of the defendant companies to herself with knowledge that this suit was going to be instituted by Appellees. In asserting the privilege, Mrs. Berger maintains that all fraud ceased as of November 8, 2004, and the spousal privilege therefore applies to communications between herself and Mr. Berger after that date. Stewart counters that the fraud continued beyond that date and included efforts to conceal the fraud.

¶ 8 Clearly, we must delve into the merits of the fraud allegations and the date that the fraud allegedly ceased in order to determine whether the privilege applies and whether the discovery order was correct. Hence, the question of application of the privilege is not separable, and the requirements of Pa.R.A.P. 313 are not satisfied.

¶ 9 Appeal quashed.

¶ 10 Judge KLEIN files a Concurring and Dissenting Statement.

Concurring and Dissenting Statement
By KLEIN, J.:

¶ 1 Although I concur in the ultimate result which effectively affirms the under-

lying trial court decision, I disagree that we are required to quash the appeal. Therefore, I would affirm on the merits.

¶ 2 As to quashing the appeal as interlocutory, I believe this appeal deals with the general concept of the fraud and business exceptions to spousal privilege and does not require that we determine the specifics of whether any particular question involves fraud. Therefore, I disagree that we must delve into the merits of the fraud allegations to determine whether the privilege applies.

¶ 3 Also, although the issue of spousal privilege has not been specifically addressed, I note that in general, when privilege is claimed in relation to a discovery order, our courts have found this to be a sufficient basis to review the discovery order as a collateral order. *See Castellani v. Scranton Times, L.P.*, 916 A.2d 648 (Pa.Super.2007) (revealing an unnamed news source); *Crum v. Bridgestone/Firestone North American Tire, LLC*, 907 A.2d 578 (Pa.Super.2006) (trade secrets); *Dodson v. Deleo*, 872 A.2d 1237 (Pa.Super.2005) (medical peer review materials); *Troescher v. Grody*, 869 A.2d 1014 (Pa.Super.2005) (physician's personnel and credentials file); and *J.S. v. Whetzel*, 860 A.2d 1112 (Pa.Super.2004) (defense expert's 1099 IRS forms). I see no reason to treat spousal privilege any differently from these other areas of privileged information. Further, I note that in terms of the separability prong of the collateral order test, our Supreme Court has endorsed a practical approach to that analysis and accepts that some interrelationship between the subject of the order and the merits of the underlying case is tolerable. *See Pridgen v. Parker Hannifin Corp.*, 588 Pa. 405, 905 A.2d 422 (2006).

¶ 4 I agree with the reasoning of the trial court and would affirm the decision based upon the opinion of the Honorable Maurino J. Rossanese, Jr., who, I believe, correctly determined that the spousal privilege does not apply in this situation due to the implications of fraud and the business/property exceptions to that privilege.