OPINION *Page 2 
{¶ 1} Plaintiff-appellant Michael Gutridge appeals from the August 2, 2007, Judgment Entry of the Licking County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 1, 2006, appellant filed a personal injury complaint against appellee, his employer. Appellant, in his complaint, alleged that he was injured on or about September 23, 2004, when his hand was pulled into a rebar machine. Appellant further alleged that, during the period of time from September 23, 2004, through September 23, 2006, he "was on active military deployment for greater than sixty (60) days."
 {¶ 3} Subsequently, on May 23, 2007, appellee filed a Motion for Summary Judgment, arguing that appellant's claim was barred by the two (2) year statute of limitations for personal injury claims contained in R.C. 2305.10. Appellee, in its motion, argued that the statute of limitations was not tolled by the Servicemembers Civil Relief Act of 2002 (50 App. U.S.C.A. Section 526), which tolls the statute of limitations for a period during which an individual was actively serving in the military. Appellant, in his brief in opposition to appellee's Motion for Summary Judgment, argued that he was "entitled to the protection of the Servicemembers Civil Relief Act (SCRA) for a sufficient number of days to conclusively rebut the Defendant's statute of limitations defense asserted in its Motion for Summary Judgment."
 {¶ 4} The trial court, in a Memorandum of Decision filed on July 16, 2007, granted appellee's Motion for Summary Judgment and ordered appellee's counsel to prepare a Judgment Entry. The trial court, in its Memorandum of Decision, held that *Page 3 
appellant's Ohio Army National Guard duty did not qualify as "active duty" and, therefore, did not toll the statute of limitations.
 {¶ 5} Thereafter a Judgment Entry granting appellee's Motion for Summary Judgment was filed on August 2, 2007.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF-APPELLANT PRESENTED EVIDENCE THAT HE WAS ON `ACTIVE DUTY' FOR A SUFFICIENT PERIOD OF TIME TO TOLL THE STATUTE OF LIMITATIONS PURSUANT TO THE SERVICEMEMEBERS' (SIC) CIVIL RELIEF ACT AND THUS MAKING HIS COMPLAINT TIMELY."
 I {¶ 8} Appellant, in his sole assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment. Appellant specifically contends that he presented evidence to the trial court that he was on "active duty" as a member of the Ohio Army National Guard for a sufficient period of time to toll the statute of limitations for personal injury pursuant to the Servicemembers Civil Relief Act and that, therefore, his complaint was timely filed.
 {¶ 9} Pursuant to R.C. 2305.10, a complaint for personal injury must be brought within two (2) years after the cause of action accrues. As is stated above, appellant was injured on September 23, 2004. Appellant, however, did not file his complaint until November 1, 2006, which is more than two years and thirty days after the cause of *Page 4 
action accrued. Thus, the issue for determination is whether appellant's deadline for filing his complaint was tolled by the Servicemembers Civil Relief Act.
 {¶ 10} Appellant contends the statute of limitations was tolled in this case during the "no less than fourteen days" that he spent fulfilling his annual Ohio Army National Guard training requirement in August of 2006 and during his deployment as a member of the Ohio Army National Guard in response to the Hurricane Katrina disaster. Appellant was ordered to active service in response to the same from September 24, 2005, through October 24, 2005, but his deployment was later shortened to October 19, 2005.
 {¶ 11} The Servicemembers Civil Relief Act, in particular 50 U.S.C.A. § 526(a), provides as follows:(a) Tolling of statutes of limitation during military service
 {¶ 12} "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrator, or assigns."
 {¶ 13} Military service is defined in 50 App.[1] U.S.C.A. § 511(2) as meaning:
 {¶ 14} "(A) in the case of a servicemember who is a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard —
 {¶ 15} "(i) active duty, as defined in section 101(d)(1) of title 10, United States Code, and
 {¶ 16} "(ii) in the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a *Page 5 
period of more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds; . ." (Emphasis added).
 {¶ 17} In turn, 10 U.S.C.A. § 101 states as follows: (d) Duty status. — The following definitions relating to duty status apply in this title:
 {¶ 18} "(1) The term "active duty" means full-time duty in the active military service of the United States. Such term includes full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned. Such term doesnot include full-time National Guard duty.
 {¶ 19} "(2) The term "active duty for a period of more than 30 days" means active duty under a call or order that does not specify a period of 30 days or less." (Emphasis added)
 {¶ 20} As noted by the court in Lazarski v. Archdiocese ofPhiladelphia (2007), 926 A.2d 459, 2007 PA Super 147, "the SCRA expressly points to `active duty' as the touch stone activating its tolling provisions." Id. At 469.
 {¶ 21} As used in 10 U.S.C.A. § 101(d)(1), full-time National Guard duty is defined in 10 U.S.C.A. Section 101(d)(5) as follows: "The term `full-time National Guard duty' means training or other duty, other than inactive duty, performed by a member of the Army National Guard of the United States or the Air National Guard of the United States in the member's status as a member of the National Guard of a State or territory, the Commonwealth of Puerto Rico, or the District of Columbia under section 316, 502, 503, 504, or 505 of title 32 for which the member is entitled to pay from the United *Page 6 
States or for which the member has waived pay from the United States." (Emphasis added).
 {¶ 22} Reading the above sections in pari materia, we find that the term "active duty" does not include training performed by a member of the Army National Guard. Appellant's annual training therefore, does not qualify as "active duty" so as to toll the statute of limitations.
 {¶ 23} Moreover, the court in Bowen v. United States (2002),292 F.3d 1383, addressed the issue of whether an officer's two weeks of National Guard training qualified to toll the statute of limitations on his cause of action. The appellant, in Bowen, had argued that the statute of limitations was tolled due to his periods of National Guard training. In holding that it was not, the court, in Bowen, cited to Title 10, cited above, which specifically excluded full-time National Guard duty.
 {¶ 24} Accordingly, we find that appellant's "no less than fourteen (14) days" of annual National Guard training did not toll the statute of limitations. Because the statute of limitations was not tolled during such time, we find that appellant's complaint was not timely filed in this case.[2] The trial court, therefore, did not err in granting appellee's Motion for Summary Judgment. *Page 7 
 {¶ 25} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 26} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
 By: Edwards, J., Hoffman, P.J. and Gwin, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The abbreviation "App." refers to Appendix.
[2] Even if appellant's Katrina deployment tolled the statute of limitations, appellant's complaint would still be time-barred. We, therefore, need not address whether or not appellant was on "active duty" during deployment to Louisiana for the Hurricane Katrina Relief Effort. *Page 1