[Cite as *Miller v. Lincoln Hts.*, 197 Ohio App.3d 285, 2011-Ohio-6722.]

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MILLER, | : | APPEAL NO. C-110276 |
| | | TRIAL NO. A-1008486 |
| Appellee, | : | |
| | | *O P I N I O N.* |
| v. | : | |
| VILLAGE OF LINCOLN HEIGHTS, | : | |
| Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 28, 2011

Mann & Mann, L.L.C , David S. Mann, and Michael T. Mann, for appellee.

Santen & Hughes, L.P.A., Deepak K. Desai, and Brian P. O'Connor, for appellant.

**DINKELACKER, Presiding Judge.**

{¶ 1}    Defendant-appellant the Village of Lincoln Heights appeals from a judgment of the Hamilton County Court of Common Pleas awarding plaintiff-appellee

Scott A. Miller paid military leave under R.C. 5923.05(A). Because we find that Miller's complaint was filed outside the applicable statute of limitations, we reverse the trial court's judgment.

{¶ 2} The case was tried on joint stipulations of fact. The record shows that from November 1999 to January 2005, Miller was a permanent public employee of the Lincoln Heights Police Department. During that time, he was also a member of the Army National Guard.

{¶ 3} Miller "performed service in the uniformed services" from October 9, 2001, to September 11, 2002, and from February 7, 2003, to March 1, 2004. For each of these deployments, he was called or ordered to the uniformed services for longer than a month.

{¶ 4} During the deployments, Miller's gross pay for "performing services in the uniformed services" exceeded the gross pay he would have earned working for Lincoln Heights during the same period. Lincoln Heights did not pay Miller during his deployments, and he did not render any services to the village.

{¶ 5} On September 17, 2010, Miller filed a complaint against Lincoln Heights seeking to recover wages that he alleged that he was entitled to be paid under R.C. 5923.05 while he was on military leave from his employment. Lincoln Heights filed a motion to dismiss Miller's complaint under Civ. R. 12(B)(6), in which it argued that the six-year statute of limitations had run. Miller filed a memorandum in response in which he argued that the time was tolled under the Servicemembers Civil Relief Act, 50 Appendix, U.S.C. 526(a) ("SCRA"). Miller also filed a motion to amend his complaint to add that he had been on "active duty military service" as defined by the SCRA. The trial court permitted the amendment and, based on that amendment, overruled Lincoln Heights's motion to dismiss.

2

{¶ 6} After the trial on the stipulated facts, the trial court held that the time to file the complaint had been tolled under SCRA. It awarded Miller judgment in the amount of $9,134.40 plus prejudgment interest of $4,428.55. This appeal followed.

{¶ 7} In its sole assignment of error, Lincoln Heights contends that the trial court erred in granting judgment in favor of Miller. It argues that the statute of limitations had not been tolled under SCRA because Miller had failed to present evidence showing that he had been engaged in active military service during the time that he claimed the limitations period had been tolled. This assignment of error is well taken.

{¶ 8} The parties do not dispute that the six-year statute of limitations for "an action * * * upon a liability created by statute" in R.C. 2305.07 applies. We agree. An action upon a liability created by statute is "one that would not exist but for the statute." *McAuliffe v. W. States Import Co., Inc.*, 72 Ohio St.3d 534, 538, 651 N.E.2d 957 (1995). Numerous courts have applied the six-year statute of limitations to cases involving public-employee compensation. See, e.g., *Harville v. Franklin,* 12th Dist. No. CA91-01-003, 1991 WL 144318 (July 29, 1991); *Niswonger v. Cincinnati,* 17 Ohio App.2d 200, 205-206, 245 N.E.2d 375 (1st Dist.1968); *Welch v. Lima,* 89 Ohio App. 457, 465-466, 102 N.E.2d 888 (3rd Dist.1950).

{¶ 9} If the time had not been tolled, then Miller's action was not filed within the applicable statute of limitations. Once Lincoln Heights showed that the complaint had not been filed within the applicable limitations period, Miller then bore the burden to show that the statute of limitations had been tolled. See *Simpson v. Neidlinger,* 1st Dist. No. C-950649, 1996 WL 656357 (Nov. 13, 1996); *Spence v. Gohara,* 6th Dist. No. L-94-043, 1994 WL 590528 (Oct. 28, 1994).

{¶ 10} 50 Appendix, U.S.C. 526(a) provides, "The period of a servicemember's military service may not be included in computing any period limited by law, regulation,

or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."

{¶ 11} 50 Appendix, U.S.C. 511(2), states, "The term 'military service' means (A) in the case of a servicemember who is a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard – (i) active duty, as defined in section 101(d)(1) of title 10, United States Code, and (ii) in the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds."

{¶ 12} Thus, the federal statutes clearly draw a distinction between the National Guard and other branches of the military. Courts deciding whether service in the National Guard constitutes "military service" within the meaning of SCRA have looked to the definition of "active duty" in 10 U.S.C. 101. They have stated that " 'the SCRA expressly points to "active duty" as the touch stone [sic] activating its tolling provisions.' " *Gutridge v. Suburban Steel Supply Co.*, 5th Dist. No. 2007 CA 00110, 2008-Ohio-3902, 2008 WL 2953662, ¶ 20, quoting *Lazarski v. Archdiocese of Philadelphia*, 2007 Pa. Super 142, 926 A.2d 459, 469 (2007).

{¶ 13} 10 U.S.C. 101(d) states that "(1) The term 'active duty' means full-time duty in the active military service of the United States. Such term includes full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military

department concerned. *Such term does not include full-time National Guard duty.*" (Emphasis added.)

{¶ 14} Relying on this section, courts have held that the term "active duty" does not include training performed by a member of the National Guard. Therefore, that training does not toll a statute of limitations. *Gutridge*, 2008-Ohio-3902, 2008 WL 2953662, at ¶ 22; *Bowen v. United States*, 292 F.3d 1383, 1386 (Fed.Cir.2002).

{¶ 15} In *Freeman v. United States,* 98 Fed.Cl. 360 (Ct.Cl.2011), the court stated, "Although 'active duty' includes periods of 'full-time training duty, annual training duty, and attendance, while in the active military service, at a school,' 'full-time National Guard duty' is explicitly excluded from the definition of 'active duty.' " *Id.* at 371-372. It went on to hold, "For the periods [that the servicemember] was not serving in his federal capacity on active duty in the Reserve, he was serving in his state capacity on 'full-time National Guard duty.'" Id. at 372.

{¶ 16} In this case, the stipulated facts provided that Miller was a member of the Army National Guard and that he "performed service in the uniformed services" on specified dates. They do not specify whether he was in federal service, which is necessary for SCRA to apply, or in training, which is state service.

{¶ 17} In his amended complaint, he alleged that he was on "active duty," which was sufficient to defeat the Civ.R. 12(B) motion to dismiss. In ruling on that motion, the trial court was limited to considering the face of the complaint and was required to take all the allegations in the complaint as true. See *Mitchell v. Lawson Milk. Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *Mann v. Cincinnati Enquirer*, 1st Dist. No. C-090747, 2010-Ohio-3963, 2010 WL 3328631, ¶ 11. But the stipulated facts did not contain any language to prove that allegation; they did not specify that he was on active duty as defined in the federal statutes.

{¶ 18} Miller also submitted unauthenticated documents titled "discharge from active duty," attached to a memorandum in response to Lincoln Heights's motion to dismiss. But the trial court could not properly have considered those documents when ruling on the motion to dismiss under Civ.R. 12(B)(6) because they were never properly before it. The court correctly did not consider them. See *Coors v. Fifth Third Bank*, 1st Dist. No. C-050927, 2006-Ohio-4505, 2006 WL 2520322, ¶ 10-11. They were not made a part of the stipulated facts, and we also cannot consider them.

{¶ 19} Miller bore the burden to show that SCRA tolled the statute of limitations. Based on the limited information in the stipulated facts, we reluctantly come to the conclusion that he failed to meet his burden of proof.

{¶ 20} We note that the stipulations of fact stated that Miller had been performing "service in the uniformed services." This language is the same as in R.C. 5923.05(A)(2)(e), and its definition does not include service in the national guard. But that definition goes to the merits of whether the employee is entitled to the pay under R.C. 5923.05. When discussing whether the statute of limitations is tolled under SCRA, the federal definitions apply.

{¶ 21} We hold that Miller did not file his complaint within the applicable statute-of-limitations period. Consequently, we sustain the village's assignment of error. We reverse the trial court's judgment and remand the case to the trial court with instructions to dismiss Miller's complaint.

Judgment reversed

and cause remanded.

HENDON and CUNNINGHAM, JJ., concur.